255 N.J. Super. 355 (1992)
605 A.2d 276
SYLVIA SALEK AND FRANKLIN SALEK, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
PASSAIC COLLEGIATE SCHOOL, A BODY CORPORATE; MARTIN F. WURST, INDIVIDUALLY AND ON BEHALF OF JOHN DOES AND JANE DOES I-XIV, (NAMES BEING FICTITIOUS AND UNKNOWN, BUT DESCRIBED AS MEMBERS OF THE PASSAIC COLLEGIATE SCHOOL); ANGELA C. GIBSON AND PAULA STEELE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 10, 1992.
Decided April 14, 1992.
*357 Before Judges J.H. COLEMAN and BILDER.
*358 Albert L. Cohn argued the cause for appellants (Cohn, Lifland, Pearlman, Hermann and Knopf, attorneys; Albert L. Cohn of counsel; Brian D. Zinn on the brief).
George T. Szymczak argued the cause for respondents (Farabaugh, Frieland, Smith & Hillmann, attorneys; George T. Szymczak on the brief).
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
This is an appeal from summary judgment dismissing a complaint alleging defamation and other causes of action. The complaint is based on plaintiff's perceived communicative impact arising from the dissemination of student speech under the First Amendment in a school sponsored yearbook.
Plaintiff Sylvia Salek was employed as a teacher at defendant Passaic Collegiate School since 1976. Defendant Angela Gibson, plaintiff's sister, was the school principal. Defendant Paula Steele, who is Gibson's daughter, was the school yearbook supervisor for 1988.
The yearbook for 1988 contained a section entitled "The Funny Pages," consisting of pictures of students and faculty accompanied by purportedly humorous captions. One of the pages in this section contained a picture of plaintiff sitting next to and facing another teacher, John DeVita, who had his right hand raised to his forehead. The photograph is captioned "Not tonight Ms. Salek. I have a headache." This photograph forms the basis for this litigation. Another page in the yearbook contains a picture of DeVita eating with the caption "What are you really thinking about, Mr. DeVita?" It is assumed for purposes of this appeal that both of these photographs were contained in the yearbook distributed to the students.
Plaintiff contended below and in this appeal that the import of the two photographs with their captions was that "Mr. DeVita was declining to accept my proposition to engage in *359 sexual relationship with him." Plaintiff presented a report from Marilyn A. Lashner, Ph.D., an expert in news media analysis. Dr. Lashner concluded that the average reader of the yearbook would conclude that there was an ongoing sexual relationship between plaintiff and DeVita.
In this appeal, plaintiff contends essentially that factual issues were presented as to whether the photograph was defamatory. See Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74-75, 110 A.2d 24 (1954). The decision of whether the photograph was defamatory must be made after consideration of the context in which it appeared in the yearbook. See Decker v. Princeton Packet, Inc., 116 N.J. 418, 425, 561 A.2d 1122 (1989). In a defamation case in which the essential facts are not disputed, the summary judgment procedure is well suited. Kotlikoff v. The Community News, 89 N.J. 62, 67, 444 A.2d 1086 (1982).
We fully agree with Judge Alterman that the threshold questions of whether the published picture represented a false statement of alleged fact and whether the picture was reasonably susceptible of a defamatory meaning as to plaintiff, were issues of law to be decided by him. Romaine v. Kallinger, 109 N.J. 282, 290, 537 A.2d 284 (1988); Kotlikoff, supra; Karnell v. Campbell, 206 N.J. Super. 81, 88-89, 501 A.2d 1029 (App.Div. 1985). There is no libel where, as here, the material is susceptible of only non-defamatory meaning and is clearly understood as being parody, satire, humor, or fantasy. Romaine, supra; Walko v. Kean College of New Jersey, 235 N.J. Super. 139, 146, 561 A.2d 680 (Law Div. 1988); Restatement (Second) of Torts, § 566, comment d (1977); see also Hustler Magazine v. Falwell, 485 U.S. 46, 108 S.Ct. 876, 99 L.Ed.2d 41 (1988) (respecting public figures); DeVries v. McNeil Consumer Products Co., 250 N.J. Super. 159, 165-166, 593 A.2d 819 (App.Div. 1991); Lutz v. Royal Ins. Co., 245 N.J. Super. 480, 492-493, 586 A.2d 278 (App.Div. 1991).
*360 Plaintiff's reliance on Hazelwood School District v. Kuhlmeier, 484 U.S. 260, 108 S.Ct. 562, 98 L.Ed.2d 592 (1988), is misplaced. That case did not involve a school sponsored publication which allegedly defamed someone. Hazelwood held that "educators do not offend the First Amendment by exercising editorial control over the style and content of student speech in school sponsored expressive activities so long as their actions are reasonably related to legitimate pedagogical concerns." Id. at 273, 108 S.Ct. at 571, 98 L.Ed.2d at 606 (footnote omitted). We find no support for plaintiff's assertion that Hazelwood required defendant school officials to exercise greater censorship over the content and/or style of the yearbook. The picture neither represented an invasion of the rights of others nor an interference with the school's mission. Tinker v. Des Moines Independent Community School Dist., 393 U.S. 503, 508, 89 S.Ct. 733, 737, 21 L.Ed.2d 731, 738 (1969). The desire on the part of school officials, however laudable, to avoid any discomfort or unpleasantness to plaintiff would not have justified suppression of student speech by preventing the publication of the photograph in the manner involved here. Id. at 509, 89 S.Ct. at 738, 21 L.Ed.2d at 739; see also Bethel School Dist. No. 403 v. Fraser, 478 U.S. 675, 106 S.Ct. 3159, 92 L.Ed.2d 549 (1986).
Plaintiff argues further that even if her defamation theory was properly rejected, her claims of false light invasion of privacy (Count Three), intentional infliction of emotional distress (Count Four), and negligent supervision (Count Five) should have been presented to a jury. We disagree.
The false light invasion tort is designed to protect the individual's peace of mind from not having to appear before the public "in an objectionable false light or false position." Romaine, supra, 109 N.J. at 294, 537 A.2d 284 (quoting Restatement (Second) of Torts, § 652E, comment b). The tort of defamation is designed to protect the individual's good reputation. Ibid. Common to both is the requirement that the *361 publicity in fact be false or at least have the capacity to create a false public impression as to plaintiff. Ibid. In a false light invasion tort, as with a defamation tort, the judge must decide "whether the criticized matter is capable of the meaning assigned to it by plaintiff, and whether that meaning is highly offensive to a reasonable person." Id. at 295, 537 A.2d 284. Here, Judge Alterman decided this issue adversely to plaintiff, and we fully concur in that finding. Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 475, 541 A.2d 1063 (1988); Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 483-484, 323 A.2d 495 (1974).
The judge also properly dismissed the claim for intentional or negligent infliction of emotional distress. "There is ... a certain symmetry or parallel between claims of emotional distress and defamation that calls for consistent results. Thus, it comports with first amendment protections to deny an emotional-distress claim based on a false publication that engenders no defamation per se." Decker, supra, 116 N.J. at 432, 561 A.2d 1122. To hold otherwise would permit plaintiff to use the tort of negligent infliction of emotional distress to circumvent defenses to the defamation action.
Finally, we note that Judge Alterman properly declined to reach the issue of whether defendants were private persons and entities insofar as such a finding would impact upon whether traditional negligence standard of fault is applicable. The issue of fault in a defamation case arises only after a defamatory communication, which was rejected here, has been established. Golden Palace, Inc. v. National Broadcasting Co., Inc., 386 F. Supp. 107, 110 (D.D.C. 1974), aff'd, 530 F.2d 1094 (D.C. Cir.1976). Since defendants could not have prevented publication of the photograph given the First Amendment constraints, and the publication was not defamatory, there cannot be a negligent failure to supervise cause of action based on the same nucleus of operative facts.
*362 Summary judgment dismissing the complaint in its entirety is affirmed.